KLEINFELD, J.,
dissenting:
I respectfully dissent.
Dr. Bhatti’s progress notes opine that Looza’s mood is “improved” and report Looza’s self-assessment of “almost no depression.” These snippets are not “specific and legitimate reasons” for rejecting Dr. Bhatti’s subsequent opinion that Looza is unable to work because they are not inconsistent with this subsequent opinion. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). There would be an inconsistency meriting disbelief if the progress notes stated that Looza was ready to return to work and another opinion stated that Loo-za’s mental disorders prevented him from working. See id. at 833. But Dr. Bhatti’s progress notes do not discuss his ability to work, just that he was improving, and we have held in a similar context that comments about a patient’s improvement are an insufficient basis for denying such a claim. See Holohan v. Massanari, 246 F.3d 1195, 1204-05 (9th Cir.2001); Lester, 81 F.3d at 833; see also Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir.1989); Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir.1981). It was error for the ALJ not to read comments such as “doing much better with meds” in the context of Looza’s diagnosis and history. See Holohan, 246 F.3d at 1205. Looza had previously attempted suicide and continues to suffer from severe major depressive disorder and frequent panic attacks. In context, then, Dr. Bhatti’s positive remarks support little more than that Looza’s mortality risk had declined. “[S]ome improvement does not mean that the person’s impairments no longer seriously affect [his] ability to function in the workplace.” Id.
Nor does the record support the ALJ’s rejection of Dr. Bhatti’s opinion regarding Looza’s ability to work. See Lester, 81 F.3d at 830; Soc. Sec. Ruling 96-2p. The examining psychiatrist diagnosed Looza with major depression with psychotic features, a more severe type of major depressive disorder than found by Dr. Bhatti. See Am. Psychiatric Ass’n, Diagnostic and Statistical Manual 349, 356, 411 (4th ed.2000). Rather than offering an opinion contrary to the treating psychiatrist, the diagnosis of the agency’s examining psychiatrist corroborated it. Given that both psychiatrists who examined Looza agreed on the diagnosis, the ALJ erred by not according weight to the treating psychiatrist’s opinion about the implications of that diagnosis. See Lester, 81 F.3d at 831-32; 20 C.F.R. § 416.927(d); Soc. Sec. Ruling 96-2p; see also Soc. Sec. Ruling 96-5p. Dr. Bhatti saw Looza many more times than the ALJ or examining psychiatrist, prescribed medications, and observed Loo-za’s progress. This treatment relationship made it more likely that Dr. Bhatti would accurately evaluate Looza’s ability to work. See 20 C.F.R. § 416.927(d); Lester, 81 F.3d at 833. Looza’s daily activities (exercise, some babysitting, some laundry, but rarely any driving or shopping) do not undermine a diagnosis of severe major depressive disorder with panic attacks. Because the ALJ should not have discounted Dr. Bhatti’s opinion but did, I would reverse.